CRAWLEY, Judge,
concurring in the result.
I conclude that Ala.Code 1975, § 26-10A-30, is unconstitutional. Judge Yates concludes that the statute is unconstitutional as applied. I conclude that the statute is per se or facially unconstitutional. I cannot conceive of any situation where this statute could be constitutional. If a parent were found unfit, custody and visitation arrangements would be governed by the dependency jurisdiction of the juvenile court. See Ala.Code 1975, § 12-15-1 et seq., and § 26-18-1 et seq. Simply put, a fit parent’s decision regarding who visits his or her child cannot be regulated by the state.
Judge Yates follows the reasoning of the plurality opinion of the United States Supreme Court in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). I would adopt the reasoning of Justice Thomas’s concurring opinion:
“Our decision in Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925), holds that parents have a fundamental constitutional right to rear their children, including the right to determine who shall educate and socialize them.... I would apply strict scrutiny to infringements of fundamental rights. Here, the State of Washington lacks even a legitimate governmental interest — to say nothing of a compelling one — in second-guessing a fit parent’s decision regarding visitation with third parties.”
530 U.S. at 80, 120 S.Ct. 2054.